IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| TYO HODGINS<br>10000 Goldenwood Court<br>Upper Marlboro, MD 20772 | : | |
| Plaintiff, | : | |
| v. | : | Case No. C-16-CV-24-002524 |
| OLD REPUBLIC INSURANCE COMPANY<br>P.O. Box 789<br>Greensburg, PA 15601<br>SERVE:<br>Maryland Insurance Administration<br>200 St. Paul St., Suit 2700<br>Baltimore, MD 21202 | :<br><br>:<br><br>:<br><br>: | |
| And | : | |
| JATNNA GOMEZ<br>5005 Stewart Court<br>College Park, MD 20740<br>SERVE: 5005 Stewart Court<br>College Park, MD 20740 | :<br><br>:<br><br>: | |
| and | : | |
| JAMES YUHASE, JR.<br>5571 Warren Dr.<br>Huntingtown, MD 20639<br>SERVE: 5571 Warren Dr.<br>Huntingtown, MD 20639 | :<br><br>:<br><br>: | |
| Defendants. | : | |

## COMPLAINT

TYO HODGINS ("Ms. Hodgins") through counsel, Ashley E. Strandjord, Benjamin T. Boscolo, and **CHASEN**BOSCOLO, brings this cause of action against Defendants Jatnna Gomez, James Yuhase, Jr., and Old Republic Insurance Company for damages resulting from their joint and several negligence, and breach of contract.

1

## II. JURISDICTION AND VENUE

1. This Court's subject matter jurisdiction over this action is based on Md. Code Ann. Cts. & Jud. Proc § 1-501.

2. This Court's personal jurisdiction in this action is based on Md. Code Ann. Cts. & Jud. Proc § 6-102(a).

3. Venue is properly vested in this Court pursuant to Md. Code Ann. Cts. & Jud. Proc § 6-201.

## III. PARTIES

4. Tyo Hodgins (hereinafter "Ms. Hodgins") is a resident of Upper Marlboro, in Prince George's County, Maryland.

5. Upon information and belief, Defendant Jatnna Gomez ("Defendant Gomez") is a resident of College Park, Prince George's County, Maryland.

6. Upon information and belief, Defendant James Yuhase, Jr. (hereinafter "Defendant Yuhase") is a resident of the city of Huntingtown, Calvert County, Maryland.

7. Upon information and belief, Defendant Old Republic Insurance Company (hereinafter "Defendant Cho") is a company authorized to transact business in and around the State of Maryland, including Prince George's County.

## IV. STATEMENT OF FACTS

8. On December 1, 2022, at approximately 1:00pm., Defendant Gomez is driving a 2013 GMC TK pickup on southbound Pennsylvania Avenue at or near its intersection with Old Marlboro Pike in Prince George's County, Maryland.

9. At the same time and place, Defendant Yuhase is operating a 2015 Honda 2H and stopped behind another vehicle on southbound Pennsylvania Avenue at its intersection with Old Marlboro Pike.

2

10. At the same time and place, Ms. Hodgins is operating a 2019 Ford SD, which is owned by her employer, Carrier Corporation.
11. At the same time and place, Ms. Hodgins is stopped at a red light directly in front of Defendant Yuhase.
12. At the same time and place, Defendant Gomez was travelling too fast for the conditions, and following the vehicle in front of her too closely.
13. At the same time and place, Defendant Gomez failed to control the speed of her vehicle and struck the rear of Defendant Yuhase's vehicle.
14. Defendant Yuhase's vehicle was propelled into the rear of Ms. Hodgins' vehicle.
15. As a result of the crash, Ms. Hodgins was injured.
16. At the time of the collision, Ms. Hodgins was covered under a policy of automobile insurance issued by Defendant Old Republic Insurance Company.
17. It is the duty of Defendant Gomez to know and obey all traffic safety rules in effect.
18. It is the duty of Defendant Gomez to watch the road.
19. It is the duty of Defendant Gomez to see what was there to be seen.
20. It is the duty of Defendant Gomez to pay full time and attention to the operation of a motor vehicle.
21. It is the duty of Defendant Gomez to react to changing traffic patterns.
22. It is the duty of Defendant Gomez to control the speed of her vehicle.
23. It is the duty of Defendant Gomez to keep a proper following distance behind other vehicles on the road.
24. Defendant Gomez breached her duty by not obeying all traffic safety rules in effect.
25. Defendant Gomez breached her duty by not watching the road.
26. Defendant Gomez breached her duty by not seeing what was there to be seen.
27. Defendant Gomez breached her duty by not paying full time and attention to the operation of a motor vehicle.

28. Defendant Gomez breached her duty by not reacting to changing traffic patterns.
29. Defendant Gomez breached her duty by not controlling the speed of her vehicle.
30. Defendant Gomez breached her duty by not keeping a proper following distance behind other vehicles on the road.
31. It is the duty of Defendant Yuhase to know and obey all traffic safety rules in effect.
32. It is the duty of Defendant Yuhase to watch the road.
33. It is the duty of Defendant Yuhase to see what was there to be seen.
34. It is the duty of Defendant Yuhase to pay full time and attention to the operation of a motor vehicle.
35. It is the duty of Defendant Yuhase to react to changing traffic patterns.
36. It is the duty of Defendant Yuhase to control the speed of his vehicle.
37. It is the duty of Defendant Yuhase to keep a proper following distance behind other vehicles on the road.
38. Defendant Yuhase breached his duty by not obeying all traffic safety rules in effect.
39. Defendant Yuhase breached his duty by not watching the road.
40. Defendant Yuhase breached his duty by not seeing what was there to be seen.
41. Defendant Yuhase breached his duty by not paying full time and attention to the operation of a motor vehicle.
42. Defendant Yuhase breached his duty by not reacting to changing traffic patterns.
43. Defendant Yuhase breached his duty by not controlling the speed of her vehicle.
44. Defendant Yuhase breached his duty by not keeping a proper following distance behind other vehicles on the road.
45. The policy of insurance contained a provision for underinsured/uninsured motorist coverage which provided, among other things, insurance coverage for losses and damages sustained in collisions which were caused by the negligent operation of a vehicle

by third persons, when that vehicle is uninsured or underinsured at the time of the collision, and the third person is not otherwise entitled to coverage.

46. Ms. Hodgins has complied with the terms of the contract with Defendant Old Republic Insurance Company.

47. Defendant Gomez, an underinsured driver, negligently caused Ms. Hodgins' injuries.

48. Defendant Yuhase, an underinsured driver, negligently caused Ms. Hodgins' injuries.

49. Ms. Hodgins is entitled to be paid by Defendant Old Republic Insurance Company for any and all damages sustained by Ms. Hodgins resulting from the negligence of the underinsured drivers, Defendant Gomez and Defendant Yuhase, whom do not have a policy with sufficient coverage to compensate Ms. Hodgins for her injuries and losses.

50. Defendant Old Republic Insurance Company has breached its contract with Ms. Hodgins. Defendant Old Republic Insurance Company has not made payment under the uninsured/underinsured motorist provision of the policy under which Ms. Hodgins is covered.

51. As a direct and proximate result of the Defendants' joint and several conduct, breaches of duty, negligence, and breach of contract, Ms. Hodgins suffered severe, uncompensated damages. These damages include past, present, and future pain, suffering, permanent physical injuries, immobility, disfigurement and an inability to perform daily activities and tasks. These damages caused Ms. Hodgins to expend great sums of money for hospitals, physicians, and related care and treatment. Ms. Hodgins suffered from emotional damages, including isolation, anguish, humiliation and embarrassment.

52. Ms. Hodgins neither contributed to any violations of the safety rules which caused this collision, nor assumed the risk of the injuries sustained.

7-22-2024                                                                                   4A2310VL0ZJ0001                                                                 6020240722013887

## V. STATEMENT OF CLAIMS

### COUNT I

(Negligence—Defendant Jatnna Gomez)

53. Ms. Hodgins incorporates the allegations of paragraph one (1) through fifty-two (52) above, and, in addition, avers that Defendant Gomez' action violated Maryland's traffic safety rules and constitutes negligence justifying an allowance of damages against her.

### COUNT II

(Negligence—Defendant James Yuhase, Jr.)

54. Ms. Hodgins incorporates the allegations of paragraph one (1) through fifty-three (53) above, and, in addition, avers that Defendant Yuhase's actions violated Maryland's traffic safety rules and constitutes negligence justifying an allowance of damages against her.

### COUNT III

(Breach of Contract – Defendant Old Republic Insurance Company)

55. Ms. Hodgins incorporates the allegations of paragraph one (1) through fifty-four (54) above and, in addition avers that Defendant Old Republic Insurance Company's refusal to pay Ms. Hodgins for all of the damages caused by Defendant Gomez and Defendant Yuhase under the underinsured motorist portion of the contract constitutes breach of contract justifying an allowance of monetary damages against Defendant Old Republic Insurance Company.

### **CLAIM FOR RELIEF**

WHEREFORE, Ms. Tyo Hodgins demands judgment against Defendants Jatnna Gomez, James Yuhase, and Old Republic Insurance Company, jointly and severally, and that damages be awarded in the amount equal to past medical expenses, past, present, and future lost wages, and past present, and damages in an amount that exceeds $75,000.00 and that Ms.

Hodgins receives interest from the date of the incident described herein, costs of this suit, and further relief as this court deems proper.

**JURY DEMAND**

Ms. Tyo Hodgins demands a trial by jury on all issues herein.

Respectfully submitted,

**CHASEN**BOSCOLO INJURY LAWYERS

By: *Ashley Strandjord*

Ashley E. Strandjord (AIS: 1912050019)
AStrandjord@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, Maryland  20770
(301) 220-0050
Fax (301) 474-1230
Counsel for Ms. Tyo Hodgins